# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 20-61157
Summary Calendar

Bikramjit Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 736 546

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Bikramjit Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61157

Convention Against Torture (CAT). He challenges the BIA's conclusions that he showed neither past persecution nor a well-founded fear of future persecution and that he could relocate within India to avoid harm; he also argues that he established a nexus between his political opinion and the harm he suffered. These arguments are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Singh has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issues whether he showed past persecution or a well-founded fear of future persecution and thus has not shown that substantial evidence compels a conclusion contrary to that of the BIA as to whether he showed eligibility for asylum. *See Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020); *Cruz v. Barr*, 929 F.3d 304, 309 (5th Cir. 2019); *Zhang*, 432 F.3d at 344. Because his asylum claim fails, his withholding claim likewise fails, and we need not consider his remaining arguments related to these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Finally, Singh has not shown that substantial evidence compels a conclusion contrary to that of the BIA as to the denial of CAT relief. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Zhang*, 432 F.3d at 344. The petition for review is DENIED.